## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JENNIFER CHAMPION,** | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. <u>5:22-cv-00145</u> |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **PHASELINK UTILITY SOLUTIONS, LLC,** | § | |
| **YANPING WOLFE and DARYL BENNETT,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORIGINAL COMPLAINT

Jennifer Champion ("Plaintiff" or "Champion") brings this action against PhaseLink Utility Solutions, LLC ("PhaseLink"), Yanping Wolfe ("Wolfe"), and Daryl Bennett ("Bennett") (collectively "Defendants") seeking all available relief, including unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and for damages associated with Defendants' breach of the written employment contract between the Parties. Alternatively, Plaintiff seeks relief for her unpaid wages according to Texas common law. The following allegations are based on Plaintiff's personal knowledge.

### I.
### OVERVIEW

1.      This lawsuit is brought to recover unpaid wages, overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and damages arising out of Defendants' breach of contract, or, alternatively unpaid straight time and other applicable penalties pursuant to the state laws of Texas.

2.      Defendants own and operate a full-service turnkey solutions, telecommunications, utilities, and engineering company in San Antonio, Texas.[1]

3.      Plaintiff Champion was a non-exempt employee who was paid a salary but did not receive overtime compensation for all hours worked over forty (40) per workweek in violation of federal law.

4.      Although Plaintiff Champion routinely worked in excess of forty (40) hours per workweek, Plaintiff Champion was not paid overtime of at least one and one-half the federal minimum wage rate for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by Defendants not to pay overtime compensation to Plaintiff Champion was neither reasonable nor in good faith.

6.      Defendants knowingly and deliberately failed to compensate Plaintiff Champion overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

7.      Additionally, Defendants failed to compensate Plaintiff Champion, ***at all***, for the work she performed on behalf of Defendants during the last two (2) weeks and two (2) days of her employment with Defendants.

8.      Defendants also failed to compensate Plaintiff for the commissions/non-discretionary bonuses she earned, according to the terms of the agreement between them.

9.      For a two-month period, Defendants also failed to pay Plaintiff her monthly truck allowance of $1,200.00, in violation of the written contract between the parties.

10.     Plaintiff Champion did not perform work that meets the definition of exempt work under the FLSA.

---

[1] https://www.phaselink.net/about/.

11.     Defendants knowingly and deliberately misclassified Plaintiff Champion as an exempt employee not entitled to overtime compensation.

12.     Plaintiff Champion therefore seeks to recover all unpaid wages, unpaid overtime, liquidated damages, and other damages owed under the FLSA.

13.     Plaintiff Champion also seeks to recover her contractual damages owed as a result of Defendants' breach of the agreement between the Parties, or alternatively, to recover unpaid straight time and other damages owed under the state laws of Texas.

## II.
## THE PARTIES

14.     Plaintiff Jennifer Champion ("Champion") worked for Defendants within the relevant time period. Throughout her employment with Defendants, Plaintiff Champion was paid a salary with no overtime compensation even though she is not exempt and regularly worked in excess of forty (40) hours each week.

15.     Defendant PhaseLink Utility Solutions, LLC ("PhaseLink") is a domestic limited liability company licensed to and doing business in the State of Texas and may be served through its registered agent for service: **Daryl Bennett, 1000 Drayton, Schertz, Texas 78154.**

16.     Defendant Yanping Wolfe ("Wolfe") is the Owner, President, Director, and Managing Member of PhaseLink and an employer as defined by 29 U.S.C. § 203(d). Along with PhaseLink, Defendant Wolfe employed and/or jointly employed Plaintiff Champion. Defendant Wolfe may be served with process at: **541 Washington St., Denver, Colorado 80203, or wherever she may be found.**

17.     Defendant Daryl Bennett ("Bennett") is the Owner, Vice President, Director, and Member of PhaseLink and an employer as defined by 29 U.S.C. § 203(d). Along with PhaseLink and Defendant Wolfe, Defendant Bennett employed and/or jointly employed Plaintiff Champion.

Defendant Bennett may be served with process at: **1000 Drayton, Schertz, Texas 78154, or wherever he may be found.**

18.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight, and control over PhaseLink and Plaintiff Champion. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

19.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

20.     This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

21.     This Court has specific personal jurisdiction over Defendants because the cause of action arose within this District as a direct result of Defendants' conduct within this District and Division.

22.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

23.     Specifically, Defendants' principal place of business is located in San Antonio, Texas, and Plaintiff Champion worked in San Antonio, Texas throughout her employment with Defendants, all of which is located in this District and Division.

24.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
## ADDITIONAL FACTS

25.     PhaseLink is a "premier, forward thinking, innovative telecom and utilities, engineering service company providing turnkey solutions."[2]

### *Defendants are Joint Employers*

26.     Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

27.     Specifically, Defendants Wolfe and Bennett dictated (and continue to dictate) the practice goals and what pressing or tactical items needed to be done to meet the goals of PhaseLink and/or their clients

28.     Further, Defendants Wolfe and Bennett managed (and continue to manage) key internal relationships to PhaseLink—that is, they directed (and continue to direct) the financials of PhaseLink and controlled the pay of Plaintiff Champion who directly or indirectly reported to Defendant Wolfe and Defendant Bennett.

29.     Defendants Wolfe and Bennett had the power to hire and fire Plaintiff Champion.

30.     Defendants Wolfe and Bennett had the power to supervise and control Plaintiff Champion's work schedules and conditions of her employment.

31.     Defendants Wolfe and Bennett had the power to determine Plaintiff Champion's rate and method of payment.

32.     Defendants Wolfe and Bennett maintained Plaintiff Champion's employment records.

33.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

---

[2] https://www.phaselink.net/about/#leadership.

*Plaintiff's Employment with Defendants*

34.     Plaintiff Champion worked exclusively for Defendants in San Antonio, Texas from approximately March 2021 until August 2021.

35.     Plaintiff Champion's official job title was Department Manager, working for Defendants' electric and gas department.

36.     Plaintiff Champion's job duties consisted of customer service, sales, assisting Defendants' customers and potential customers, handling payroll, assisting with company recruiting and training new hires, conducting quality control on behalf of Defendants' customers, checking design plans for errors according to Defendants' set standards and procedures, handling office building maintenance, and other miscellaneous tasks as assigned by Defendants.

37.     Based on the schedule set by Defendants, Plaintiff Champion typically worked over forty (40) hours each workweek she performed services for Defendants.

38.     On average, Plaintiff Champion worked up to sixty (60) hours per workweek.

39.     Plaintiff Champion was paid a salary but no overtime compensation even though she regularly worked in excess of forty (40) hours in a week.

40.     Plaintiff Champion's scheduled workweek, as set by Defendants, was Monday through Friday with occasional weekends.

41.     Plaintiff Champion was required to work for Defendants' from 6:30 AM to 7:00 PM—with no breaks—every Monday through Friday.

42.     In addition to her scheduled hours, Defendants would typically require Plaintiff Champion to continue working into the evenings and weekends.

43.     Defendants also required Plaintiff Champion to attend mandatory company meetings on the weekends.

***Defendants Violated the FLSA***

44.    Plaintiff Champion was misclassified by Defendants as exempt from receiving overtime under the FLSA.

45.    However, Plaintiff Champion was not exempt from the FLSA under any recognized exemption.

46.    Plaintiff Champion did not exercise independent discretion and/or judgment on matters of significance on behalf of Defendants.

47.    Plaintiff Champion did not have authority to formulate, affect, interpret, or implement management policies or operating practices of Defendants.

48.    Indeed, Plaintiff Champion did not control or have authority over other employees' (or her own) work schedules, rates of compensation, or changes of employment status.

49.    Plaintiff Champion did not have the authority to hire or fire other employees and her suggestions and recommendations as to the hiring and firing of other employees were not given particular weight.

50.    Plaintiff Champion did not utilize any special skills or training in the course of her work for Defendants.

51.    Plaintiff Champion did not possess a specialized degree or certification that she utilized in the course of her work for Defendants.

52.    The performance of non-exempt duties occupied the majority of Plaintiff Champion's working hours.

53.    Plaintiff's job duties and responsibilities, as described above, were executed without discretion, were largely secretarial in nature, and were controlled by Defendants' set policies and procedures.

54.    Plaintiff Champion was not exempt from the overtime requirements of the FLSA by reason of any FLSA exemption.

55.    Plaintiff Champion regularly worked in excess of forty (40) hours per week but never received overtime compensation.

56.    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

57.    Because Defendants failed to compensate Plaintiff Champion time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices likewise violate the FLSA.

### *Defendants' Breach of Contract, or Alternatively, Violation of Texas Common Law*

58.    Plaintiff Champion entered into a valid and enforceable contract with Defendants.

59.    That contract, attached hereto as Exhibit A, provided that Plaintiff would be paid a salary for her services in addition to earned commissions and a monthly truck allowance.

60.    Plaintiff Champion performed work on behalf of Defendants for which she was not compensated.

61.    Specifically, Plaintiff Champion worked two (2) weeks and two (2) days for Defendants and was not compensated for those hours worked at the agreed rate. Indeed, that time remains wholly unpaid.

62.    Plaintiff Champion is owed approximately $30,000.00 in unpaid commissions, rightfully due and payable to her under the terms of the agreement between Plaintiff and Defendants.

63.    Plaintiff Champion is further owed $2,400.00 for her unpaid truck allowances for two months of her employment with Defendants.

64.    Because Defendants did not pay Plaintiff Champion according to the written contract between them, Defendants are in breach of contract and are liable for all ensuing damages.

65.     Alternatively, because Defendants did not pay Plaintiff Champion for all straight-time hours worked, Defendants' pay policies and practices also violate the state laws of Texas.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Violation of the FLSA, 29 U.S.C. §§ 201–19)**

**A.    FLSA COVERAGE**

66.     Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

67.     At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

68.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

69.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

70.     During the respective periods of Plaintiff Champion's employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

71.     Specifically, Plaintiff Champion was a non-exempt employee of Defendants and was engaged in services that were directly essential to the production of goods for Defendants. 29 U.S.C. § 203(j).

72.     At all times hereinafter mentioned, Plaintiff Champion has been an individual employee engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207(a)(1) and as required by 29 U.S.C. §§ 206–07.

73.     Indeed, Plaintiff's job duties included, but are not limited to, the following work related to interstate commerce: interacting with Defendants' customers traveling interstate; handling and processing credit card transactions; handling, receiving, and transporting goods or materials moving in commerce interstate; and working on the expansion of existing facilities of commerce.[3]

74.     In performing the job duties hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

75.     In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

## B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206-7, 215(a)(2) by employing individuals engaged in commerce or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

---

[3] Defendants' clients include telecommunications companies, AT&T, Comcast, Verizon, Sprint, T-Mobile; and energy and utilities companies, CPS Energy, GVEC, and CenterPoint Energy. https://www.phaselink.net.

78.     Plaintiff Champion has suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

79.     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal practice of failing to pay Plaintiff overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

80.     Additionally, Defendants knowingly, willfully and in reckless disregard failed to pay Plaintiff any compensation for the last two (2) weeks and two (2) days of her employment with Defendants, which is compensable time under the FLSA and Texas common law.

81.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

82.     Plaintiff, on the other hand, was an unsophisticated employee who trusted Defendants to pay her according to the law.

83.     The decision and practice by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

84.     Accordingly, Plaintiff Champion is entitled to her unpaid wages pursuant to the FLSA, and unpaid overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times her regular rate of pay, plus liquidated damages in an amount equal to her overtime and minimum wages, attorneys' fees and costs.

## COUNT TWO
### (Breach of Contract under Texas Law)

85.     Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

86. Plaintiff Champion entered into an employment agreement with Defendants to work exclusively for Defendants as an employee (the "Agreement").

87. The Agreement provides that Defendants would compensate Plaintiff Champion with a salary, for the work she performed in her position at Defendants' company.

88. However, Plaintiff Champion performed work on behalf of Defendants for which she was not compensated.

89. Plaintiff Champion worked two (2) weeks and two (2) days for Defendants and was not compensated for those hours worked at the agreed rate.

90. Indeed, that time remains wholly unpaid, in violation of the terms of the Agreement, as well as the FLSA and Texas law.

91. The Agreement also stipulates that Defendants would compensate Plaintiff Champion with a vehicle allowance, either by way of a company-supplied truck or a $1,200.00 per month payment for fuel and maintenance.

92. However, Plaintiff Champion did not (and has not, to date) receive compensation for her vehicle allowance for two (2) months of her employment with Defendants, in violation of the terms of the Agreement.

93. Further, the Agreement provides that Defendants would pay Plaintiff Champion a 3% first-year sales commission for the "CPS Gas and Electric Engineering Contract" and a 2% first-year commission for "eligible new accounts."

94. According to the terms of the Agreement, Plaintiff Champion's sales commissions were to be paid quarterly.

95. To date, Plaintiff has not been compensated by Defendants for **_any_** of the commissions/non-discretionary bonuses she earned, in violation of the terms of the Agreement.

96.     Plaintiff Champion fully performed her contractual obligations pursuant to the Agreement.

97.     However, Defendants have materially breached the Agreement by failing to perform their obligations under the Agreement.

98.     The breach was material because Defendants did not substantially perform a material obligation required under the Agreement.

99.     Moreover, Plaintiff's injuries were a natural, probable, and foreseeable consequence of Defendants' breach of the Agreement.

100.    As a result of Defendants' breach, Plaintiff Champion suffered damages because Plaintiff has lost income and/or payments for her services provided, which is the amount of Plaintiff's unpaid salary, unpaid sales commissions/non-discretionary bonuses she earned, and unpaid vehicle allowance, which Plaintiff lost as a natural and probable consequence of the breach of the Agreement.

101.    All conditions precedent have been performed by Plaintiff Champion or have occurred.

102.    Defendants, through their acts or omissions have breached the Agreement.

103.    As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff Champion suffered actual damages in the form of lost wages and/or lost income and/or lost commissions in an amount not less than that which will make Plaintiff whole.

104.    Plaintiff seeks damages within the jurisdictional limits of this Court and seeks her actual, consequential, and special damages caused by Defendants' breach of the Agreement.

105.    Plaintiff Champion would show the Court that she is entitled to have and recover from Defendants, in addition to the above, her reasonable and necessary attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 38.001 *et seq.*, and pre-judgment and post-judgment interest on all amounts awarded herein at the highest rate allowed by law, and fees and costs.

## COUNT THREE
### (Violations of Texas Common Law)

**A.      VIOLATIONS OF TEXAS COMMON LAW**

106.      Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

107.      In the alternative to her claim for breach of contract, Plaintiff Champion further brings this action pursuant to the equitable theory of *quantum meruit. See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. v. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

108.      Plaintiff Champion is entitled to recover her unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

109.      These claims are independent of Plaintiff Champion's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

110.      Plaintiff Champion provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

111.      Plaintiff Champion conferred a valuable benefit on Defendants because she provided services to Defendants without compensation—namely, the services she performed on behalf of Defendants for the final two (2) weeks and two (2) days of her employment with Defendants.

112.      Defendants accepted Plaintiff Champion's services and benefited from her timely dedication to Defendants' policies and adherence to Defendants' schedule.

113.      Defendants were aware that Plaintiff Champion expected to be compensated at the agreed rate for the services she provided Defendants.

114.    Defendants have therefore benefited from services rendered by Plaintiff Champion, and it is inequitable for Defendants to retain the benefit of Plaintiff Champion's services without paying fair value for them.

115.    Plaintiff Champion is thus entitled to recover compensation for her services pursuant to the equitable theory of quantum meruit.

## VI.
## RELIEF SOUGHT

116.    Plaintiff respectfully prays for judgment against Defendants as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Champion;

b.      For an Order awarding Plaintiff all contractual payments due;

c.      For an Order pursuant to Texas common law awarding Plaintiff Champion unpaid straight time wages and other damages allowed by law;

d.      For an Order pursuant to Texas state law awarding Plaintiff actual, consequential, and special damages within the minimum jurisdictional limit of this Court, as pleaded more specifically above;

e.      For an Order awarding the costs and expenses of this action;

f.      For an Order awarding attorneys' fees;

g.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 17, 2022                    Respectfully submitted,

                                             ANDERSON ALEXANDER, PLLC

                          By:      /s/ Clif Alexander
                                   **Clif Alexander**
                                   Texas Bar No. 24064805
                                   clif@a2xlaw.com
                                   **Austin W. Anderson**
                                   Texas Bar No. 24045189
                                   austin@a2xlaw.com
                                   819 N. Upper Broadway
                                   Corpus Christi, Texas 78401
                                   Telephone: (361) 452-1279
                                   Facsimile: (361) 452-1284

                                   ***Counsel for Plaintiff Champion***