# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **JENNIFER CHAMPION,** | **Civil Action No. 5:22-cv-00145-JKP** |
| *Plaintiff,* | |
| **v.** | **JURY TRIAL DEMANDED** |
| **PHASELINK UTILITY SOLUTIONS, LLC and DARYL BENNETT,** | |
| *Defendants.* | |

## DECLARATION OF JENNIFER CHAMPION

I, Jennifer Champion, being of sound mind and over the age of 18, make the following declaration:

1.      My name is Jennifer Champion and the facts contained in this declaration are within my personal knowledge and are true and correct.

2.      I was employed by Defendants, PhaseLink Utility Solutions, LLC and Daryl Bennett (collectively, "Defendants"), as a "Electric & Gas Engineering Dept. Manager" from approximately March 2, 2021 until August 21, 2021.

3.      Defendants provide full engineering service solutions to telecommunication, electric, and gas utility providers.

4.      Upon my employment, I entered into an employment agreement with Defendants to work exclusively for Defendants as an employee (the "Agreement"). *See* Agreement attached as Exhibit 1.

5.      During my employment with Defendants, I was paid a salary of one hundred twenty-five thousand dollars ($125,000.00) per year, on a biweekly basis, but no overtime compensation for hours I worked over forty (40) in a workweek.

6.      As an Electric & Gas Engineering Dept. Manager, my job duties included customer service, sales, assisting existing and potential customers, handling payroll, assisting with company recruiting and training new hires, conducting quality control, checking design plans for errors according to Defendants' set standards and procedures, handling office building maintenance, and other miscellaneous tasks as assigned by Defendants.

7.      Defendants controlled and set my work schedule and conditions of employment.

8.      Based on my work schedule set by Defendants, I was required to work for Defendants from 6:30 am to 7:00 pm—with no breaks—every Monday through Friday.

9.      In addition to my scheduled hours, Defendants also required me to continue working into the evenings and weekends. Additionally, Defendants also required me to attend mandatory company meetings on the weekends.

10.     Based on my schedule set by Defendants, I typically worked over forty (40) hours each workweek performing services for Defendants. On average, I worked sixty (60) hours per workweek performing work for Defendants.

11.     I was paid a salary but no overtime compensation even though I regularly worked in excess of forty (40) hours in a workweek.

12.     During my employment with Defendants, I did not exercise independent discretion or judgment on matters of significance on behalf of Defendants.

13.     During my employment with Defendants, I did not have authority to formulate, affect, interpret, or implement management policies or operating practices of Defendants.

14.     During my employment with Defendants, I did not control or have authority over other employees, or my own, work schedules, rates of compensation, or changes of employment status.

15.     During my employment with Defendants, I did not have the authority to hire or fire other employees and my suggestions and recommendations as to the hiring or firing of other employees were not given particular weight.

16.     During my employment with Defendants, I did not utilize any special skills or training and did not possess a specialized degree or certification that I utilized in the course of my work for Defendants.

17.     During my employment with Defendants, the performance of non-exempt duties occupied the majority of my working hours. My job duties were executed without discretion and were largely secretarial in nature and were controlled by Defendants' set policies and procedures.

18.     Although I regularly worked over forty (40) hours in a workweek, Defendants did not pay me the overtime premium for all hours worked in excess of forty (40) hours in a workweek.

19.     In addition to the unpaid overtime wages I am owed, Defendants did not pay me at all for the last two (2) weeks and two (2) days of my employment for Defendants, even though I performed worked for Defendants during this time. During this time, I performed services for Defendants and expected to be compensated in accordance with my Agreement. However, I was paid nothing by Defendants for my work. The amount Defendants owe me for this time is $5,769.23.

20.     In addition to my salary, the Agreement also provides that I was to earn commissions on new accounts that I obtained. Specifically, the Agreement provides that I was to earn a 3% first-year sales commission for the "CPS Gas and Electric Engineering Contract" and a 2% first-year commission for "eligible new accounts" that I obtained. I was to be paid these commissions quarterly. *Id.*

21.     I have not been compensated by Defendants for any of the commissions I earned during my employment. Defendants owe me approximately $30,000.00 in unpaid commissions.

22.     Additionally, the Agreement also provides that Defendants would compensate me with a vehicle allowance, either by way of a company-supplied truck or a $1,200.00 per month payment for fuel and maintenance. I received a company-supplied truck after my first two (2) months of employment with Defendants. Therefore, I was to be paid $1,200 for two (2) months as a vehicle allowance.

23.     I was not paid my truck allowance owed to me by Defendants for two (2) months of my employment with Defendants. The amount Defendants owe me for my unpaid vehicle allowance is $2,400.00.

24.     Defendants did not pay me overtime at a rate of one-half my regular rate. Instead, Defendants paid me my salary regardless of the number of hours I worked.

25.     From March 2, 2021 until August 21, 2021 (25 weeks), on average I worked 60 hours per week for the Defendants but was not paid overtime for hours worked over forty (40). Therefore, Defendants owe me $20,030.00 in overtime wages calculated as follows: 20 (overtime hours per week) x $20.03 (overtime half rate[1]) = $400.06 x 25 (weeks worked) = $10,015.00 x 2 (liquidated damages multiplier) = $20,030.00.

26.     In total, I am owed $58,199.23 as overtime wages and liquidated damages, unpaid straight time wages, unpaid commissions, and unpaid vehicle allowance.

27.     I have agreed to pay Anderson Alexander, PLLC a reasonable fee for its services in prosecuting this matter for me.

28.     I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: _____Jun 21, 2022_____          Signed by: _____
                                                        Jennifer D. Champion (Jun 21, 2022 19:11 CDT)

                                                        Jennifer Champion

---

[1] My overtime half rate was calculated as follows: $125,000.00 (annual salary) / 52 (weeks in a year) = $2,403.85 (weekly rate) / 60 (hours worked in a week) = $40.06 / 2 = $20.03 overtime half rate.

# Exhibit 1



975 W. Bitters Rd
San Antonio, TX 78216
www.phaselink.net

Date: 3/1/2021

Jennifer Champion
Jchampion1975@icloud.com

## EMPLOYMENT OFFER LETTER

Dear Jennifer,

I am very excited to extend you this offer of employment. This offer provides you a unique opportunity to join PhaseLink at an exciting time. I trust that your knowledge, skills, and expertise will be among our most valuable assets.

At PhaseLink, we strive to be the best in the industry, and expect you to bring your best to our team and grow with the company.

The specifics of your position are below:
- Position: Electric & Gas Engineering Dept. Manager
- Employment Type: Full Time /Salary
- Reports to: Daryl Bennett- Senior Vice President
- Compensation: $125,000 Performance bonus: up to 10% of current salary
- Start Date: 3/2/2021
- Benefits:
  - Annual Paid Time Off:
    - 8 Paid Holidays
    - 3 days bereavement leave.
    - 10 Paid Days accrued bi-weekly starting the first day of employment (For sick, vacation, personal time off. Excluding jury duty). Max carry-over to next calendar year: 10 days.
    - Employees will earn one extra day of PTO at each work anniversary up to a total of 15 days on their 5th work anniversary.
  - Eligible to participate in company's benefit plans starting the 1day of the following calendar month after hire. Current benefit plans include medical, vision, dental, short-term/long-term disability, life, and 401K (no matching).
  - Company Vehicle- Company supplied Truck or $1200 Per Month vehicle allowance and fuel and routine Maintenance cost paid by company.

- Sales Commissions:
  - Eligibility: New accounts that are solely obtained by employee.
  - For eligible new accounts, first year commission will be 2%, second year 1% and third year 0.5% and phased out at fourth year.
  - For the CPS Gas and Electric Engineering Contract 2021-2024, first year commission will be 3%, second and third year 2% commission. If Contract is obtained by PhaseLink after the current 3 year contract the above commission terms will be extended to cover new contract.
  - Payout:
    - Paid quarterly, after revenue has been realized (paid by customer)
    - Amount not to exceed company's net profits. (This ensure the company is not losing money due to commission
  - Stock option grant with 4-yr vesting schedule offered within 90 days of employment.

**Employment At-Will**

Please note that if you accept this offer, your employment with PhaseLink at all times will be "at will." This means that either you or PhaseLink may end your employment at any time for any or no reason. If your employment terminates for any or no reason, you will not be entitled to any additional compensation.

**Contingency**

Once you accept this offer, our payroll processor Zenefits will perform the background check. This offer is contingent on the result of your background check.

We look forward to having you join the PhaseLink team. Please review the details and electronically accept by March 1, 2021. I also attach the company's EMPLOYEE NON-DISCLOSURE AGREEMENT, please sign and return it back to me.

I look forward to welcoming you aboard. N WITNESS WHEREOF, the parties hereto have duly signed and delivered this Agreement on the date first above-written.

Company:
PhaseLink Utility Solutions, LLC

Employee:
Jennifer Champion

Signature: _____

Signature: _____

Name: _____ Daryl Bennett _____

Name: __ Jennifer Champion _____

Title: Senior Vice President

Title: Electric & Gas Engineering Department Manager

Date: _____ 3/1/2021 _____

Date: 03-02-21