UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JENNIFER CHAMPION,

 *Plaintiff,*

v.          Case No.  SA-22-CV-00145-JKP

PHASELINK UTILITY SOLUTIONS,
LLC, YANPING WOLFE, DARYL
BENNETT,

 *Defendants.*

## MEMORANDUM OPINION AND ORDER

 Before the Court is Plaintiff Jennifer Champion's Motion for Default Judgment. *ECF Nos. 13,16*. Upon consideration of the Motion, briefing, and arguments presented at a hearing held on this matter, the Court concludes the Motion for Default Judgment shall be GRANTED in part. The Clerk of Court is directed to terminate this case upon entry of Default Judgment. Champion's requested damages are assessed at $28,166.23; Champion's requested recovery of attorney fees shall be reduced to $11,520; Champion's requested recovery of costs shall be reduced to $402; and Champion's requested recovery of pre-judgment interest is denied, and her request for post-judgment interest is granted.

## PROCEDURAL BACKGROUND

 On February 17, 2022, Plaintiff Jennifer Champion filed this suit against her former employer and its' co-owners, Phaselink Utility Solutions, Yanping Wolfe, and Daryl Bennett (col-

lectively referred to as "Phaselink") asserting causes of action for violation of the Fair Labor Standards Act (FLSA), breach of contract, and quantum meruit.

The docket reflects Champion properly served Phaselink Utility Solutions, LLC and Daryl Bennett on March 31, 2022, and their Answer became due April 21, 2022. Champion properly served Yanping Wolfe on April 6, 2022, and his Answer became due with an extension of time on May 11, 2022. Following appearance of an attorney for Yanping Wolfe, Champion stipulated to dismissal of Wolfe, and he was terminated as a party defendant. Neither Phaselink Utility Solutions nor Bennett appeared through an attorney or otherwise; neither filed an Answer. Consequently, Champion moved for entry of default on June 3, 2022, and the Clerk of Court entered default on June 6, 2022. Champion filed this Motion for Default Judgement and Supplemental Briefing upon this Court's request on the causes of action of violation of the FLSA and breach of contract, only, thereby dropping the quantum meruit cause of action. *ECF Nos. 13, 16*. In this Motion, Champion seeks FLSA damages of unpaid overtime wages, liquidated damages, and post-judgment interest. Champion also seeks attorneys' fees and costs under the FLSA.[1] For the breach of contract cause of action, Champion seeks damages based upon other compensation included in the employment contract. This Court held a non-evidentiary hearing, where it questioned and received arguments from Champion's counsel on the Motion for Default Judgment.

## FACTUAL BACKGROUND

In her Complaint Champion alleges she accepted her position as an FLSA-exempt, salaried employee; however, after she began work, she discovered her position was misclassified under the FLSA because she did not perform work that meets the definition of exempt work under

---

[1]  This private cause of action was held constitutionally invalid as applied to states that have not consented to suit. *Alden v. Maine*, 527 U.S. 706, 760 (1999). However, this holding does not apply to this litigation.

the FLSA. *ECF No. 1*. On this basis, Champion contends she did not receive appropriate over-time compensation for all hours worked in excess of forty (40) per workweek, in violation of the FLSA. Additionally, pertaining to her breach of contract cause of action, according to the terms of her employment agreement Champion contends Phaselink failed to compensate her for work she performed during the last two (2) weeks and two (2) days of her employment, failed to compensate her for the commissions/non-discretionary bonuses she earned, and failed to pay her monthly truck allowance of $1,200.00 for a two-month period.

In her Complaint, Champion alleges her official job title was Department Manager of Phaselink's electric and gas department, and her job duties consisted of customer service, sales, assisting customers and potential customers, handling payroll, assisting with company recruiting and training new hires, conducting quality control on behalf of Phaselink's customers, checking design plans for errors according to Phaselink's set standards and procedures, handling office building maintenance, and other miscellaneous tasks as assigned. Based on the schedule set by Phaselink, Champion alleges she typically worked over forty (40) hours each workweek, averaging sixty (60) hours per workweek. Champion's scheduled workweek was Monday through Friday from 6:30 AM to 7:00 PM. In addition to her scheduled hours, Phaselink would typically require Champion to continue working into the evenings and required she attend mandatory company meetings on the weekends. Champion moves for Default Judgement specifically requesting the Court enter default judgment for: (1) $10,015 in unpaid overtime wages; (2) $10,015 in liquidated damages; (3) $5,769.23 in unpaid contractual wages; (4) approximately $30,000 in unpaid contractual commissions earned; (5) $2,400.00 in unpaid contractual truck allowance; (6) $27,145.00 in attorney fees; (7) costs totaling $941.98, and; (8) pre-judgment and post-judgment interest. *ECF No. 1*.

## APPLICABLE LAW

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter . . . a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that

is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's Complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F. Supp. 3d at 814.

Under the second step, a Court's analysis of the Complaint focuses on determination whether the Complaint alleges facts sufficient to satisfy the low pleading threshold of Federal Rule 8. *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Under Federal Rule 8, any default judgment must be "supported by well-pleaded allegations" and must have "a sufficient basis in the pleadings." *Id.* (discussing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Federal Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the Complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Detailed factual allegations are not required, but the pleading must present more than a mere conclusion of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Wooten*, 788 F.3d at 498.

A court may conduct hearings when it needs to "establish the truth of any allegation by evidence ... or ... investigate any other matter." *Wooten*, 788 F.3d at 496 (citing Fed. R. Civ. P. 55(b)(2)(C)). Finally, while a default judgment may conclusively establish a defendant's liability, it does not establish the quantity of damages. *The Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019), *as revised* (June 6, 2019).

Should the plaintiff satisfy the two-part test to show entry of default judgment is procedurally warranted, and it states a viable cause of action, the court must then determine what damages or remedy is appropriate. *J & J Sports Productions, Inc.*, 126 F. Supp.3d at 814. The court may conduct an evidentiary hearing to determine the amount of damages to which a plaintiff is entitled. Fed. R. Civ. P. 55(b)(2). A court also may determine damages without convening a hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). Thus, where a plaintiff submits an affidavit and supporting documents demonstrating that the damages are in an amount certain, the entry of a default judgment in that amount without the need for an evidentiary hearing is permissible. *Leedo Cabinetry*, 157 F.3d at 414.

## ANALYSIS

**I.      Default Judgment**

Here, Phaselink failed to file an Answer and failed to otherwise appear or defend this action. Therefore, Champion requested and obtained an entry of default against Phaselink Utility Solutions and Bennett, satisfying the first two procedural requisites for a default judgment. *ECF Nos. 10,11*. Champion then filed this Motion for Default Judgement. *ECF No. 13*.

**A. Step One: Whether Default Judgment Is Appropriate**

The Court will determine whether default judgment is appropriate under the circumstances by considering the seven *Lindsey* factors. *Lindsey*, 161 F.3d at 893; *Fed. Election Comm'n v. Defend Louisiana PAC*, 2022 WL 2911665, at *6–9.

Phaselink failed to file an Answer or Federal Rule 12 Motion in response to Champion's Complaint. Consequently, Phaselink presents no material issues of fact. *See id.*; *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By its default, Phaselink admits Champion's well pleaded allegations of fact. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. The grounds for default have been clearly established in the record based upon the Complaint and Phaselink's failure to appear, and Champion is prejudiced and harmed by the continued delay in this case. *See Lindsey*, 161 F.3d at 893; *United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009). No evidence before the Court indicates either substantial prejudice or that Phaselink's failure to respond or appear was the result of "good faith mistake or excusable neglect." *See id.* A default judgment under these facts is not unusually harsh given that Phaselink received ample notice of this action and sufficient time to file an Answer and to Respond to the Motion for Default Judgment, yet failed to do so. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp. 3d at 814; *Election Comm'n v. Defend Louisiana PAC*, 2022 WL

2911665, at *6–9. Finally, Phaselink presents no evidence that Champion contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893.

Based upon review of the *Lindsey* factors, the procedural prerequisites for a default judgment are satisfied. *See Ramsey*, 2016 WL 1701966, at *3. Therefore, the Court finds the *Lindsey* factors weigh in favor of default judgment in favor of Champion.

## B. Step Two: Whether Champion's Complaint Establishes a Viable Claim for Relief

At the second step, the Court must also assess the merits of each of Champion's asserted causes of action to determine whether the Complaint establishes a viable claim for relief pursuant to Federal Rule 8. *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016). The Court will address each of Champion's two remaining causes of action in turn: violation of the FLSA and breach of contract.

### 1.   First Cause of Action: Violation of the FLSA

The FLSA requires employers to pay all nonexempt employees at least one and a half times their regular rate of pay for hours worked in excess of forty per work week. 29 U.S.C. § 207(a)(1); *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012); *Rainey v. McWane, Inc.*, 314 Fed.Appx. 693, 694 (5th Cir. 2009). Employers who violate the FLSA are liable for "unpaid overtime compensation ... and an additional amount as liquidated damages." 29 U.S.C. § 216(b). Those who are employed in bona fide executive, administrative, or professional capacity are exempt from the FLSA's overtime requirements. 29 U.S.C. § 213(a)(1).

To establish a claim for unpaid overtime wages under section 207, a plaintiff who is not exempt from FLSA coverage bears the burden of proving entitlement to damages in a two-step

sequential process: first, the plaintiff must establish enterprise or individual coverage. If proven, the plaintiff must establish the prima facie burden. 29 U.S.C. § 207.

### a.  Whether Champion is Exempt from Coverage Under the FLSA

Before engaging in Champion's two-step proof burden, this Court requested supplemental argument and evidence regarding the issue whether Champion's position is exempt from the FLSA overtime compensation requirement.

Exemptions from FLSA coverage are defined by the Secretary of Labor at 29 C.F.R. § 541.0 *et seq.* Whether an employee is exempt under FLSA is mainly a fact issue determined by salary, duties, and application of the factors in 29 C.F.R. § 541.0 et seq.; however, the ultimate determination is a question of law. *Lott v. Howard Wilson Chrysler–Plymouth, Inc.,* 203 F.3d 326, 330–31 (5th Cir. 2000); *McKee v. CBF Corp.,* 299 Fed.Appx. 426, 429 (5th Cir. 2008). The exemptions are narrowly construed against the employer, and the employer bears the burden of demonstrating that an employee is exempt. *Tyler v. Union Oil Co. of Cal.,* 304 F.3d 379, 402 (5th Cir. 2002)(*citing Dalheim v. KDFW–TV,* 918 F.2d 1220, 1224 (5th Cir. 1990)). "[T]he general rule [is] the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–197 (1974); *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 723 (W.D. Tex. 2010); *see also Martin v. Rush, LLC*, No. 6:20-CV-00005-JDL, 2021 WL 229482, at *3 (E.D. Tex. Jan. 22, 2021).

Champion pleads in her Complaint that she is not exempt from the FLSA, that is, she is subject to the FLSA overtime-pay requirement, although her employment agreement states she was employed as an FLSA-exempt employee. Because Phaselink fails to plead any affirmative

defense regarding Champion's exempt status, the Court will proceed under the presumption that Champion is a non-exempt employee based upon the allegations in her Complaint, alone.

### b. Enterprise or Individual Coverage

The FLSA guarantees overtime compensation for employees who are (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" to include an enterprise that: (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. 28 U.S.C. § 203(s)(1). If an employer meets both requirements, then all its employees are subject to the FLSA, unless otherwise exempted by another provision of the Act. In determining individual coverage, courts determine "whether [an employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam).

In her Complaint, Champion alleges Phaselink is an enterprise

> engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production

thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiff Champion's employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others. Specifically, Plaintiff Champion was a non-exempt employee of Defendants and was engaged in services that were directly essential to the production of goods for Defendants. 29 U.S.C. § 203(j). At all times hereinafter mentioned, Plaintiff Champion has been an individual employee engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207(a)(1) and as required by 29 U.S.C. §§ 206–07. Indeed, Plaintiff's job duties included, but are not limited to, the following work related to interstate commerce: interacting with Defendants' customers traveling interstate; handling and processing credit card transactions; handling, receiving, and transporting goods or materials moving in commerce interstate; and working on the expansion of existing facilities of commerce. In performing the job duties hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a)

*ECF No. 1, pp. 9-10*. With these allegations, Champion alleges enough facts to satisfy Federal Rule 8 regarding the test for both enterprise and individual coverage under the FLSA.

### c.   Prima Facie Burden

Once enterprise or individual coverage is established, an employee bringing an action for unpaid overtime compensation must demonstrate a prima facie case by showing: (1) there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) the employee engaged in activities that fall under FLSA coverage; (3) the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *Tarango v. Chemix Energy Services, LLC*, No. SA-18-CV-00370, 2020 WL 13094022, at *1–2 (W.D. Tex. July 7, 2020).

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e). Within an FLSA action, courts define employer more broadly than the term would be

interpreted in traditional common law applications. *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989). An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Using this broad definition, a court must examine the totality of the employment relationship in light of economic realities. *Ho v. Xpress Pho, LLC*, No. 3:14-CV-0533, 2015 WL 1810339, at *3 (N.D. Tex. Apr. 20, 2015) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). "The economic reality test includes inquiries into whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). "Under the economic reality test, a corporate officer may be an employer within the meaning of the FLSA (and thus jointly and severally liable along with the corporation) if he or she exercises "'managerial responsibilities' and 'substantial control of the terms and conditions of the [employer's] work.'" *Ho*, 2015 WL 1810339, at *3 (citing *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984)).

Once the employee establishes a prima facie case, the burden then shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

In her Complaint, Champion alleges she was an employee of Phaselink Utility Solutions from March 2021 to August 2021; she consistently averaged working 60 hours per workweek; Phaselink Utility Solutions was the FLSA employer. Champion alleges Bennett qualifies as an

employer because he is a co-owner who participated in its' day-to-day operations and was responsible for paying wages, and Bennett controlled Champion's work schedule. With these allegations, Champion satisfies Federal Rule 8 to assert an employer-employee relationship during the unpaid overtime periods claimed; she engaged in activities that fall under FLSA coverage; and Phaselink violated the FLSA's overtime wage requirements. *See* 29 U.S.C. § 203(s)(1)(A); *see Watson*, 909 F.2d at 1553. Due to its failure to respond, Phaselink does not refute anything Champion alleges to satisfy her burden, and therefore does not negate her prima facie allegations.

Based on these allegations and evidence, Champion asserts enough to state a viable cause of action for violation of the FLSA. By alleging enough facts to support a finding that and she held an employment relationship with Phaselink Utility Solutions, Champion is entitled to a default judgment as to liability on the FLSA cause of action.

### 2.  Second Cause of Action: Breach of Contract

Champion asserts a cause of action of breach of contract based upon an employment agreement, the Employment Offer Letter attached to her Declaration supporting her Motion for Default Judgment. *See ECF No. 13-1, Exh. A.*

To prove a breach of contract under Texas law, the plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Champion alleges in her Complaint she entered a valid and enforceable employment agreement with Phaselink Utility Solutions, and it breached this agreement by failing to pay her for her time worked for the last two weeks and two days of her employment, failed to pay her for

commissions owed, and failed to pay her truck allowance for two months of her employment. In her Declaration Champion attests to the same, entitling her to damages. *ECF No. 13-1, Exh. A.* Champion attaches the alleged employment agreement to her Declaration. *See id.*

Based on these allegations and Declaration, Champion asserts enough to state a viable cause of action for breach of contract, and therefore, is entitled to default judgment as to liability on her breach of contract cause of action pertaining to payment for her last two weeks and two days of her employment, for commissions, and for truck allowance for two months.

## II.     Entitlement to Damages

Champion seeks to recover under the FLSA for unpaid overtime wages and liquidated damages of $10,015.00 each, as well as attorney fees and costs. Champion also seeks other damages for breach of contract.

In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir. 1975). For this reason, the issue remaining for the court's determination is whether the relief requested is appropriate based on governing law. *Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009).

Damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits; a hearing is unnecessary, however, if the amount of damages can be determined with a mathematical calculation by reference to the pleadings and supporting documents. *See James*, 6 F.3d at 310. The plaintiff has the burden to provide an evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013).

### A. FLSA Damages: Unpaid Overtime Wages and Liquidated Damages

An employer who violates the overtime provisions of § 207 of the FLSA is liable to the affected employee for unpaid overtime compensation, as well as liquidated damages equal to the amount of unpaid wages for willful violations of the statute. *See* 29 U.S.C. § 216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

As discussed, Champion alleges Phaselink willfully and intentionally refused to pay her overtime wages for the time she was employed between March 2021 until August 2021. This Court found these allegations sufficient to establish entitlement to as to default judgment as to liability on the FLSA cause of action for unpaid overtime wages.

Champion presents her Declaration as proof of her entitlement to damages for unpaid overtime wages and liquidated damages. Because Phaselink failed to participate in the case and is likely in possession of the payroll and personnel records necessary to calculate Champion's damages with certainty, courts have found similar declarations by plaintiffs in FLSA actions sufficient proof to establish damages for uncompensated overtime. *See*, *e.g., Tarango*, 2020 WL 13094022, at *1-2; *Gomez v. Managing Innovation & Tech., Inc.*, No. 3:14-CV-0936, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015); *Henderson v. Fenwick Protective Inc.*, No. 3:14-CV-505, 2015 WL 9582755, at *5 (N.D. Tex. Nov. 23, 2015), *adopted by* 2015 WL 9582147 (N.D. Tex. Dec. 28, 2015); *Melendez v. DJJRN, Inc.*, No. 3:20-CV-102, 2020 WL 7774940, at *4 (N.D. Tex. Nov. 16, 2020), *adopted by* 2020 WL 7771203 (N.D. Tex. Dec. 30, 2020). Similarly,

because Champion sufficiently alleged entitlement to unliquidated damages, and because Phaselink did not respond or sustain its burden of showing good faith despite violating the FLSA, Champion should also be awarded liquidated damages. *See Nero*, 167 F.3d at 928; *see also Sanchez v. Maddies Mayhem, LLC*, No. 419CV00574SDJCAN, 2020 WL 4808604, at *6 (E.D. Tex. July 27, 2020), *adopted by* 2020 WL 4785046 (E.D. Tex. Aug. 18, 2020) ("An award of liquidated damages is mandatory when a defendant fails to plead and prove good faith.").

In her supporting Declaration Champion attests that when she worked for Phaselink she was paid a yearly salary of $125,000. Based upon this contracted salary, her overtime half rate is calculated as follows: $125,000.00 (annual salary)/52 (weeks in a year) = $2,403.85 (weekly rate)/60 (hours worked in a week) = $40.06/2 = $20.03 overtime half rate. Champion attests from March 2, 2021 until August 21, 2021 (25 weeks), on average she worked 60 hours per week for the Phaselink but was not paid overtime for hours worked over forty (40). Therefore, Champion attests Phaselink owes her $20,030.00 in overtime wages calculated as follows: 20 (overtime hours per week) x $20.03 (overtime half rate) = $400.06 x 25 (weeks worked) = $10,015.00 x 2 (liquidated damages multiplier) = $20,030.00.

Under these facts, because Champion's total unpaid overtime wages and liquidated damages are capable of mathematical calculation, the amount of judgment can be reliably computed from the record and without a hearing. *See* Fed. R. Civ. P. 55(b)(2); *see also James*, 6 F.3d at 310. In her Declaration, Champion attests she is entitled to sum certain unpaid overtime wages and liquidated damages calculable based upon the record. Accordingly, the Court will award Champion these compensatory and liquidated damages, and Phaselink Utility Solutions and Bennett, jointly and severally, shall be ordered to pay the total amount of $20,030.00 in compensatory and liquidated damages to Champion.

**B.  Breach of Contract Damages**

Champion presents her Declaration as proof of her entitlement to damages for breach of contract. In her Declaration, Champion attests she is entitled to her wages Phaselink failed to pay her for her last two weeks and two days of employment totaling $5,769.23; unpaid truck allowance of $2,400.00, and; earned and unpaid commissions of approximately $30,000. Champion provides the Employment Offer Letter with her Declaration.

Under these facts, because Champion's total unpaid wages, commission, and truck allowance are capable of mathematical calculation, the amount of judgment can be reliably computed from the record and without a hearing. *See* Fed. R. Civ. P. 55(b)(2); *see also James*, 6 F.3d at 310.

In her Declaration, Champion attests she is entitled to sum certain unpaid wages for the last two weeks and two days of her employment which total $5,736.23. Champion calculated this amount based upon her hourly wage derived from her contractual annual salary. The Court finds this proof sufficient under these facts.

In her Declaration, Champion attests she is entitled to "approximately $30,000.00 in unpaid commissions." Although Champion recites the provision in the Employment offer letter which lays out the commission pay rate, Champion provides no basis for her estimation of "approximately $30,000.00" in unpaid commissions.  The Court finds this proof insufficient to establish a sum certain entitlement to unpaid contractual commissions. The Court will not award damages for unpaid commissions based upon this insufficient proof.

In her Declaration, Champion attests she is entitled to sum certain unpaid truck allowance for two months which total $2,400.00. Champion attested she was not paid her truck allowance

for this time, and the Employment Offer Letter sets forth the monthly rate of $1,200.00. The Court finds this proof sufficient under these facts.

Accordingly, the Court will award Champion the proven damages of unpaid wages and unpaid truck allowance based upon breach of the Employment Offer Letter, and Phaselink Utility Solutions and Bennett, jointly and severally, shall be ordered to pay the total amount of $8,136.23 in damages to Champion based upon breach of contract.

### III.   Entitlement to Attorney Fees and Costs

Champion seeks to recover attorney fees and costs in the amount of $27,245.00.

### A. Attorney Fees

An employer who violates the FLSA must pay the plaintiff's attorney fees and costs, in addition to any favorable judgment amount awarded. *See* 29 U.S.C. 216(b). Consequently, having established, through default, that Phaselink is liable under the FLSA, Champion is entitled to attorney fees and costs. *Id.*; *Melendez v. DJJRN, Inc.*, 2020 WL 7774940, at *5–6.

A court must use the traditional "lodestar method" to calculate an appropriate attorney-fee award under the FLSA. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorney fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records and the reasonableness of the hourly rate. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time it finds to be excessive, duplicative, un-

necessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended, and there is a strong presumption of the reasonableness of the lodestar amount. *Saizan*, 448 F.3d at 800.

Champion submits an affidavit of attorney Clif Alexander to substantiate her request for recovery of $27,145.00 in attorney fees based upon a total of 66.4 hours of work performed by 5 attorneys. According to the Affidavit, Alexander, a founding partner of the firm billed 5 hours at a rate of $650/hour; Lauren Baddy, a Senior Attorney billed 8.3 hours at a rate of $500/hour; Kara McHorse billed 18.5 hours at a rate of $350/hour; Blayne Fisher billed 8.6 hours at a rate of $450/hour, and; Casey Kellum billed 25 hours at a rate of $350/hour. Alexander attests these attorneys work in a team and these hours reflect their time spent "talking to Ms. Champion both in investigating her claims and throughout the litigation process, preparing and drafting the Complaint and perfecting service, and taking necessary steps to pursue default judgment." ECF 13-2, p.5. Alexander affirms each attorney's qualifications and experience and states the hourly rates assessed are customarily charged by attorneys with the relevant reputation, skill, and experience.

As stated at the hearing, the Court finds the hours assessed by a team of five attorneys at this preliminary pleading stage is excessive and duplicative. For this reason, the Court will exclude the time billed and assessed by senior-level attorney Clif Alexander and finds the time billed by Senior Attorney Lauren Braddy of $4,150.00 to be reasonable. The Court will exclude the duplicative time billed as assessed by attorneys Blayne Fisher, Kara McHorse, and Casey Kellum. The Court finds the fees billed and assessed by attorney Blayne Fisher of $3,870.00 to be reasonable and finds an additional 10 hours of time billed at the rate of $350/hour of $3,500.00 by Kara McHorse to be reasonable. With this finding, Champion may recover $11,520.00 in attorney fees.

### B. Costs

Champion seeks recovery of costs incurred in litigation of this matter. Attorney Alexander's Declaration attests the costs incurred are at $941.98, which consists of filing fees, corporate searches, postage, copies, and process serving.

An employer who violates the FLSA must pay the plaintiff's costs incurred in litigating the matter. *See* 29 U.S.C. 216(b). These allowed costs are limited to those categories listed under 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Section 1920 does not permit recovery of costs for process serving, corporate searches, or postage and copies to opposing parties. *See Gomez*, 2015 WL 6150905, at *2.

For this reason, these non-allowed costs are deducted from the assessed costs incurred. Champion may recover $402 in costs for the filing fee.

### IV.     Entitlement to Pre-judgment and Post-judgment Interest

In her Complaint, Champion states she seeks to recover pre-judgment and post-judgment interest.

Pre-judgment interest is not available for FLSA claims, like this one, that seek compensation for unpaid overtime wages and liquidated damages. *See* 29 U.S.C. § 216; *Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172, 1183 (5th Cir. 1992). However, Champion is entitled to post-judgment interest. *See Henderson*, 2015 WL 9582755, at *7. "Interest shall be allowed on any money judgment in a civil case recovered in a district court" and such "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Fed-

eral Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Champion is entitled to an award of post-judgment interest at the Court's published rate for the week prior to the date of judgment until the date paid. *See id.* § 1961(b). *Melendez v. DJJRN, Inc.*, 2020 WL 7774940, at *5–6.

## CONCLUSION

For the reasons stated, Champion's Motion for Default Judgment is GRANTED in part. The Clerk of Court is directed to terminate this case upon entry of Default Judgment. Champion's requested damages are assessed at $28,166.23; Champion's requested recovery of attorney fees shall be reduced to $11,520; Champion's requested recovery of costs shall be reduced to $402; and Champion's requested recovery of pre-judgment interest is denied, and her request for post-judgment interest is granted.

It is so ORDERED.
SIGNED this 24th day of August, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE